IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

|  |  |  |
|---|---|---|
| DEBRA VORLEAMESI<br>3764 Bel-Pre Road<br>Silver Spring, Maryland 20910 | )<br>)<br>)<br>)<br>) |  |
| Plaintiff, | )<br>) |  |
| v. | ) | Civil Action No.: 1:19-cv-01561 |
| PATRICK M. SHANAHAN, Acting Secretary,<br>U.S. Department of Defense, | )<br>)<br>) | **Jury Demanded** |
| Defendant. | )<br>)<br>) |  |
| Serve: Patrick M. Shanahan, Acting Secretary<br>U.S. Department of Defense<br>1000 Defense Pentagon<br>Washington, D.C. 20301-1000 | )<br>)<br>)<br>)<br>) |  |
| Serve: Hon. William Barr<br>Attorney General of the United States<br>United States Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530-1000 | )<br>)<br>)<br>)<br>)<br>) |  |
| Serve: Hon. Jessica Liu<br>U.S. Attorney for the District of Columbia<br>United States Attorney's Office<br>555 Fourth Street, N.W.<br>Washington, D.C. 20530 | )<br>)<br>)<br>)<br>)<br>) |  |

## **COMPLAINT**

**COMES NOW** the Plaintiff Debra Vorleamesi, by and through undersigned counsel, and files suit against the named Defendant, and for cause of action states as follows:

## INTRODUCTION

1. Plaintiff Debra Vorleamesi ("Plaintiff" or "Ms. Vorleamesi") brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq*.; the Civil Rights Act of 1991, 42 U.S.C. § 1981a; the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq*.; and the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehabilitation Act"); for relief from discrimination and a hostile work environment based on Age (Sixty (60) years old; February 1, 1959), and Disability (Physical: Congestive Heart Failure).

2. Defendant Patrick M. Shanahan ("Defendant" or "Acting Secretary Shanahan") discriminated against and subjected Plaintiff to a hostile work environment on the basis of her Age (Sixty (60) years old; February 1, 1959), and her Disability (Congestive Heart Failure) during the course of her employment with the Department of Defense ("the Agency").

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to Title VII, as amended, 42 U.S.C. §§ 2000e-16, 2000e-5(f)(1) and (3). Further, this Court has jurisdiction over this Complaint because there is diversity of the parties and a question of federal law is presented. 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity).

4. Venue properly lies within this Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3). Acting Secretary Shanahan is an officer of the Department of Defense and the Agency, which is headquartered in the District of Columbia. Acting Secretary Shanahan performs a significant amount of his official duties in the District of Columbia and resides, for the purposes of venue, within the District of Columbia. *See, e.g., Bartman*

*v. Cheney*, 827 F.Supp. 1 (D.D.C. 1993) (holding that the Secretary of Defense resides in the District of Columbia for the purposes of 28 U.S.C. § 1391).

## PARTIES

5. Plaintiff is currently domiciled at 3764 Bel-Pre Road, Silver Spring, Maryland 20910. At all relevant times, Plaintiff was an employee of the Department of Defense. Plaintiff is a resident of Montogomery County, Maryland and a United States citizen.

6. Acting Secretary Shanahan is being sued in his official capacity as the Acting Secretary for the United States Department of Defense.

7. Defendant is subject to suit for the negligent, discriminatory, wanton, willful or wrongful acts and/or omissions of employees or agents of Defendant; in addition, Defendant is the employer of persons who have committed negligent, discriminatory acts and/or omission against Plaintiff within the course and scope of their employment. Therefore, Defendant is liable pursuant to the doctrine of *Respondeat Superior*.

## EXHAUSTION OF REMEDIES

8. Plaintiff has exhausted all of her administrative remedies.

9. On September 24, 2018, Plaintiff filed an informal complaint of discrimination and hostile work environment based on Age and Disability with an Agency EEO counselor.

10. On November 2, 2018, after the Agency issued a Notice of Right to File a Formal Complaint of Discrimination, dated October 24, 2018, Plaintiff timely filed a formal EEO complaint complaining of the discriminatory and harassing actions at issue herein.

11. On February 27, 2019, the Agency issued a Final Agency Decision dismissing Plaintiff's complaint.

12. The Plaintiff appeal rights provides that a Complainant who has filed an individual complaint is authrozed under Title VII, the ADEA, and the Rehabilitation Act to file a civil action in an appropriate United States District Court within 90 calander days of receipt of the final agency action, if no appeal has been filed.

13. Plaintiff now timely files this action pursuant to the 29 C.F.R. § 1614.407(a).

## FACTS

14. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

15. Plaintiff was employed by the Agency from October 2000 to August 9, 2018 as a Pharmacy Technician, GS-0661-06, with the Directorate for Clinical Support, Department of Pharmacy, Walter Reed National Military Medical Center in Bethesda, Maryland.

16. During the relevant time period, Plaintiff's direct supervisor was James Chen, Supervisory Pharmacist (Asian) (Male).

17. In 2008, Plaintiff informed the Defendant that she suffered from a severe medical disability (Congestive Heart Failure).

18. Due to this disability, Plaintfiff was hospitalized approximately twelve (12) times in 2017, causing her to use unscheduled leave.

19. On December 13, 2017, Mr. Chen issued Plaintiff a Notice of Leave Restriction, severely limiting her use of unscheduled leave.

20. From April 26, 2018 through May 22, 2018, Plaintiff continuously informed her supervisor, Mr. Chen, that she was experiencing complications from congestive heart failure, a previously reported and well-documented disability, and that due to these complications she would require hospitalization.

21. At no point during the relevant time period did the Defendant inquire, offer, or suggest that the Plaintiff apply for and/or use up to 12 weeks of unpaid leave as required by the Family Medical Leave Act.

22. At no point during the relevant time period did the Defendant initiate the reasonable accommodation interactive process to assist the Plaintiff in dealing with her disability, even though they (1) knew she had a disability, 2) knew she was experiencing workplace problems because of the disability, and (3) knew her disability prevented her from requesting a reasonable accommodation, as required by the ADA.

23. On June 12, 2018, despite Plaintiff's efforts to place the Defendant on notice regarding her impending hospitalization, Mr. Chen issued Plaintiff a Notice of Proposed Removal for allegedly being Absent Without Leave (AWOL) during the time period in which she was hospitalized due to her disability.

24. On August 9, 2018, Plaintiff was coerced into accepting a Negotiated Settlement Agreement, which required that Plaintiff voluntarily resign from the Agency. Plaintiff was not given an opportunity to seek or consult with counsel prior to signing the agreement, and was not informed of her rights under the Older Workers' Benefit Protection Act (OWBPA), in violation of the ADEA.

25. Plaintiff believes that her Age and her Disability were factors in this decision.

26. Upon information and belief, similarly situated employees of a different protected class are not subjected to the same foregoing harassment/hostile work environment and unlawful discrimination by management officials.

## CAUSES OF ACTION

### COUNT ONE
### Age Discrimination in Employment Act, as amended,

**29 U.S.C. § 621,** *et seq.*
**(Employment Discrimination on the Basis of Age)**

27. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

28. Plaintiff is Sixty (60) years old and, as such, is a member of a protected class.

29. As an employee of Defendant, Plaintiff was treated differently and subjected to disparate and harassing treatment in comparison to younger employees that Defendant employed.

30. The Defendant unlawfully coerced the Plaintiff to sign a Negotiated Settlement Agreement, which required Plaintiff to voluntarily resign from the Agency, without being given an opportunity to seek or consult with counsel, and not being informed of her rights under the Older Workers' Benefit Protection Act (OWBPA), in violation of the ADEA.

31. Defendant has subjected Plaintiff to adverse employment actions, including the adverse actions alleged herein, and otherwise deprived Plaintiff of her rights as enjoyed by her younger coworkers.

32. Defendant's unlawful conduct negatively impacted the terms, conditions and privileges of Plaintiff's employment because it resulted in the loss of her employment and all the associated benefits.

33. The reason(s) proffered for Defendant's unlawful conduct, including that the adverse actions taken against Plaintiff were to promote the efficiency of the service, are not legitimate and would be pretext for its discriminatory conduct.

34. Defendant knew at all times during the events described throughout this Complaint that Plaintiff was at least forty (40) years old.

35. Plaintiff has been treated differently and subjected to different terms and conditions of her employment due to her Age (Sixty (60) years old; February 1, 1959).

36. Defendant has deprived Plaintiff of employment, workplace benefits and otherwise adversely affects her status as an employee because of her Age (Sixty (60) years old; February 1, 1959).

37. Other employees who were similarly situated, but are members of a different protected class than Plaintiff, have been treated more favorably than Plaintiff in the terms and conditions of employment.

38. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her Age (Sixty (60) years old; February 1, 1959).

39. As a direct and proximate cause of Defendant's conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, career opportunities, expenses and costs – and is entitled to all available legal and equitable remedies.

40. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.

41. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**COUNT TWO**
**Rehabilitation Act of 1973, as amended,**
**29 U.S.C. § 701, *et seq*.**
**(Discrimination based on Disability)**

42. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

43. Plaintiff suffers from congestive heart failure, a disability that has been well-documented with the Agency and, as such, is a member of a protected class.

44. Plaintiff's medical condition substantially limits major life activities; namely her ability to stand for any period of time, as well as severe recurring chest pains which significantly affected her breathing.

45. Plaintiff's condition is permanent.

46. Plaintiff was subjected to the materially adverse employment actions asserted herein. Any reason proffered would not be legitimate, and it would be pretext.

47. Prior to the allegations herein being asserted, Defendant was aware that Plaintiff suffered from congestive heart failure.

48. As an employee of Defendant, Plaintiff was treated differently and subjected to different terms and conditions of employment due to her disability.

49. Defendant intentionally discriminated against Plaintiff because of her disability.

50. Defendant limited, segregated and classified Plaintiff in a way which deprived her of employment because of her disability.

51. Other employees who were similarly situated, but members of a different protected class than Plaintiff, have received different terms and conditions of employment.

52. Plaintiff believes that she was subjected to the adverse employment actions alleged herein based on upon her disability.

53. By failing to recognize Plaintiff's disability, Defendant acted with malice or with reckless or callous indifference to Plaintiff's complaints.

54. Due to Defendant's actions, Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.

55. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunities now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**COUNT THREE**
**Title VII of the Civil Rights Act of 1964, as amended,**
**42 U.S.C. § 2000e, *et seq*.**
**(Hostile Work Environment)**

56. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

57. As a result of Plaintiff's protected status, Plaintiff's supervisors routinely engaged in a persistent pattern of severe and pervasive harassment as set forth herein, which created a hostile and offensive workplace environment.

58. Plaintiff was regularly and continually subjected to harassing conduct that included being issued a Notice of Leave Restriction, which created a hostile and abusive work environment.

59. Defendant's failure to inquire, offer, or suggest that the Plaintiff apply for and/or use up to 12 weeks of unpaid leave under the Family Medical Leave Act created a hostile and abusive work environment.

60. Defendant's failure to initiate the reasonable accommodation interactive process to assist the Plaintiff in dealing with her disability, even though they (1) knew she had a disability, 2) knew she was experiencing workplace problems because of the disability, and

(3) knew her disability prevented her from requesting a reasonable accommodation, as required by the ADA, created a hostile and abusive work environment.

61. Defendant's unlawful coercion of the Plaintiff to force her to sign a Negotiated Settlement Agreement, which required Plaintiff to voluntarily resign from the Agency, without being given an opportunity to seek or consult with counsel, and not being informed of her rights under the Older Workers' Benefit Protection Act (OWBPA), in violation of the ADEA, created a hostile and abusive work environment.

62. Plaintiff believes that she was subjected to a hostile work environment based on her Age (Sixty (60) years old; February 1, 1959), and Disability (congestive heart failure).

63. Defendant's unlawful conduct was unwelcome.

64. Defendant's deliberate conduct of the adverse actions referred to throughout this Complaint created a hostile and abusive work environment.

65. Plaintiff was subjected to harassment because of her protected status, and it unreasonably interfered and affected a term, condition, or privilege of Plaintiff's employment.

66. Defendant knew or should have known of the harassment. Defendant failed to adequately investigate the harassment and took no effective, immediate or remedial action. Despite Plaintiff's complaints, the harassment continued unabated.

67. By failing to recognize Plaintiff's Age and Disability, Defendant acted with malice or with reckless or callous indifference to Plaintiff's complaints.

68. As a direct and proximate cause of Defendant's conduct alleged in this Complaint, Plaintiff suffered, and continues for suffer, from harm, injury and monetary damages –

including but not limited to past and future loss of income, benefits, career opportunities, expenses and costs – and is entitled to all available legal and equitable remedies.

69. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature. Defendant's treatment and actions were ongoing.

70. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court;

a. Award compensatory damages as permitted by statute;

b. Award lost wages (back pay / front pay) with interest;

c. Award reasonable attorney fees, costs, and expenses incurred for this action;

d. Order Defendant to rescind Plaintiff's Notice of Proposed Removal issued on June 12, 2008

e. Order Defendant to convert Plaintiff's Voluntary Resignation to a Medical Retirement;

f. Award equitable, declaratory, and injunctive relief; and

g. Award such other and further relief as this Honorable Court deems just and proper.

## **EQUITABLE RELIEF**

71. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

72. Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, present clear and present dangers to the employees of Defendant and could result in further illegal actions on the part of Defendant, by and through their respective agents, servants and employees.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

    a. Order Defendant to institute a policy and procedure to be implemented against discrimination;

    b. Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

    c. Supervisory training for the supervisors at issue herein; and

    d. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

73. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

*A Marques Pitre, Esq.*

By: _____
A. MARQUES PITRE, Partner
Pitre & Associates, LLC
Ronald Reagan Building and
International Trade Center
1300 Pennsylvania Avenue, N.W., Suite 700
Washington, DC 20004
Phone: 202-204-3006
Direct: 202-840-6797
Email: ampitre@ampitreassociates.com

*Counsel for Plaintiff*